## SNADER et v GANGL et

Ohio Appeals, 9th Dist, Summit Co

No 2147.   Decided Feb 28, 1933

G. W. Dilley, Akron, for plaintiff in error William Snader.

Mark H. Shank, Akron, for plaintiffs in error Logan Ingersoll and Vernon Ingersoll.

H. H. Sprigle, Akron, for defendant in error.

FUNK, J.

If providing the facilities for the furnishing of electric current alone to these defendants were a substantial compliance with the original contract, it might be said that plaintiff substantially complied with the original plans. However, it will be noticed that it was a part of the plan that when more than enough signers were obtained to make the $3600, the original cost of the construction of the line, those contributing thereto were to have a rebate from all signers obtained thereafter. It will be further noted that the electric lines erected by plaintiff and the Ohio Edison Co. do not cover all the territory included in the original plan, and thus the opportunity of obtaining signers to said line is decreased, and that the price for electricity over the Ohio Edison line is somewhat higher than the price would have been if obtained over the Barberton municipal light plant line; and the substituted facilities for the furnishing of electric current were never submitted to or approved by the superintendent of the Barberton municipal light plant. We are thus of the opinion that said substituted performance was not a substantial compliance with plaintiff's original undertaking.

We find nothing in the record to show that two of the defendants—William Snader and Logan Ingersoll—did anything to waive their right to refuse to pay their $140 because of the nonperformance of the original plan by plaintiff, or to indicate that they in any way accepted the substitution of the electric pole line as it now is for the one which was to have been erected under the original plan. We therefore hold that the trial court erred in rendering judgment against them, and reverse said judgment as to them.

There being no dispute as to the facts concerning the failure of the plaintiff to comply with the original plan with said two defendants, Logan Ingersoll and William Snader, and as to the fact that said defendants did nothing to accept the substitute line or waive their right to refuse to pay by reason of said nonperformance, final judgment will be entered by this court in their favor.

As to the defendant Vernon Ingersoll, the evidence clearly shows that, long after the line was completed, as far as it went, by plaintiff and the Ohio Edison Co., he paid $65 on his agreement without complaint, and agreed to pay the balance later on. This, we think, amounted to an acceptance on his part of the substituted plan in place of the original, and a waiver of any claim to rescind or cancel his agreement with plaintiff on account of said substituted plan. We therefore hold that the judgment against him for the balance due should be affirmed.

Judgment affirmed as to Vernon Ingersoll, and reversed as to William Snader and Logan Ingersoll, and final judgment entered as to them.

WASHBURN, PJ, concurs.
STEVENS, J, not participating.